Commonwealth ex rel. Oliver et al., Appellants, *v.* Wilkes-Barre et al.

Argued April 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Conrad A. Falvello,* with him *Frank P. Lenahan, Reynold J. Kosek* and *Rocco C. Falvello,* for appellants.

*Howard E. Kennedy,* for appellees.

OPINION PER CURIAM, May 22, 1950:

This action in mandamus was brought against the City of Wilkes-Barre, its Mayor and the members of City Council, to compel a reinstatement of plaintiffs as members of its police force. Judgment was entered for defendants on the pleadings and this appeal followed.

On January 20, 1948, the City Council of the City of Wilkes-Barre passed a resolution placing plaintiffs William Oliver, Faust Iorio, John A. Gazey and Edward J. Lenahan on the police force retirement list, effective as of February 1, 1948. Plaintiffs all had served the minimum number of years required by a city ordinance to make them eligible for retirement and did not object to defendants' action until February 1, 1949 when they filed this complaint. In the interim they received pension checks, which they cashed, and defendants employed and trained new recruits to fill the vacancies occasioned by their retirement.

In reply to plaintiffs' contention that defendants did not have authority to retire them without a hearing and a finding that they were unfit for police duties, defendants argued that the necessary authorization was contained in Section 4302 of The Third Class City Law, Act of June 23, 1931, P. L. 932. Whether that section conferred such a power on defendants need not be determined here. For defendants further averred that plaintiffs were guilty of laches in not instituting suit at an earlier date and were properly sustained in this contention by the court below which entered judgment accordingly on the pleadings.

In *Schearer v. Reading,* 346 Pa. 27, 28 A. 2d 790, the problem raised in the instant case was discussed and, at page 31, this Court quoted from *Arant v. Lane,* 249 U. S. 367, 372, with approval, language which expressed the basis for the allowance of this equitable defense in an action of mandamus brought by a former public official seeking reinstatement to office.[1] In deciding against plaintiffs, the learned judge in the court below held that

---

[1] "The equitable defense of laches in mandamus actions is one based on grounds of expediency and public policy, 'to the end that if his (petitioner's) contention be justified, the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.'"

*Arant v. Lane,* supra, was the leading case on the question raised by the pleadings and that its reasoning and that of the cases which followed it was applicable to the present controversy. We agree with this conclusion and have adopted the following from the opinion of the court below.

"From the complaint it appears that after the plaintiffs were retired on January 20, 1948, twelve new policemen were appointed. It follows that four of these must be performing the duties previously performed by the plaintiffs. This they well knew, and so it is unfair for them to sit idly by, accept the benefits of the pension system, and then, over a year later, seek reinstatement to active duty.

"The leading case governing the situation before us is U. S. ex rel Arant v. Lane, 249 U. S. 367 (63 L. Ed. 650). There the relator had been removed from his position as superintendent of a national park on June 28, 1913. On July 20th he was forcibly ejected from the Government office building. He filed his petition for mandamus on April 30, 1915, more than twenty months later. It was dismissed on the ground of laches. Mr. Justice CLARK said (p. 371): 'This court has lately said that while mandamus is classed as a legal remedy, it is a remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles, Duncan Townsite Co. v. Lane, 245 U. S. 308. It is an extraordinary remedy, which will not be allowed in cases of doubtful right, Life & Fire Insurance Co. v. Wilson, 8 Pet. 291, 302, and it is generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches. Champman v. County of Douglas, 107 U. S. 348, 355; Duke v. Turner, 204 U. S. 623, 628.'

"Continuing he [Mr. Justice CLARK] said (p. 372): 'When a public official is unlawfully removed from of-

fice, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.

" 'Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him, renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.' . . .

"In Norris v. U. S. 257 U. S. 77 (66 L. Ed. 136), a customs employee was dismissed on February 20, 1913. He did nothing more until December 22, 1913. Mr. Justice DAY declared: 'The question is . . . Is the claimant entitled to recover the compensation which is sought by his petition in this case? It appears that during the period of eleven months after his suspension without compliance with the statute, plaintiff took no steps to vindicate his right to the office, nor to recover the compensation incident to the same.'

"Referring to the Nicholas Case, No. 10, just decided (257 U. S. 71), Mr. Justice DAY said: 'The question here is: Did Norris use reasonable diligence, in view of the obligation placed upon him, notwithstanding his wrongful removal, to assert his right to the compensation attached to the office? It is true that it has been found that he was ready, willing, and able to discharge its duties, but no fact is found explaining his

failure to assert his right to the office, or its emoluments for the period of eleven months and a little over. He did not, as did Wickersham (201 U. S. 390, 50 L. Ed. 798, 26 Sup. Ct. Rep. 469) promptly demand a restoration to the office nor make any claim to its emoluments because the power of removal had been exercised without giving him the opportunity for a hearing which the statute affords. Each case must be decided upon its own facts, and we are of opinion that the findings here do not disclose that exercise of reasonable diligence on Norris's part which the law imposes upon him as a duty if he would recover compensation for services in an office which the government might fill with another, or otherwise adjust its service so as to dispense with the service of the plaintiff. Public policy requires reasonable diligence upon the plaintiff's part, which we think the findings in this record do not disclose.' "

Since February 1, 1948, the City of Wilkes-Barre has been paying salaries to policemen who were hired as replacements for plaintiffs. If an order in plaintiffs' favor were issued defendant city would be obliged to pay plaintiffs an unearned sum equivalent to the salaries they would have been entitled to since February 1, 1948, had they not been retired. *Schearer v. Reading,* supra. In view of plaintiffs acceptance of pension benefits and delay of this suit for over a year while defendants made changes in organization and personnel necessitated by this retirement, such a result would be clearly inequitable. We conclude therefore that plaintiffs have been guilty of laches and have thereby forfeited whatever rights they might have had to question defendants' authority to retire them.

Judgment affirmed.