Haas, Appellant, *v.* Llewellyn.

Argued October 9, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Charles F. Dean,* for appellant.

*John F. Healy,* with him *John A. Robb* and *Van der Voort, Royston, Robb & Leonard,* for appellees.

470

OPINION BY MR. JUSTICE CHIDSEY, November 11, 1957:

Almost seven years after alleged unlawful termination of her employment as a school nurse by the School District of Collier Township, Allegheny County, plaintiff brought this action of mandamus against the School District and the members of its Board of Directors to compel reinstatement and to recover damages alleged to have resulted from the loss of her position. Defendants filed a motion for judgment on the pleadings raising the defense of laches, which the court below, sitting en banc, upheld, and entered a final judgment for the defendants. This appeal followed.

From the pleadings which consisted of plaintiff's complaint, defendants' answer and new matter, plaintiff's answer to new matter, plaintiff's amended complaint and defendants' answer to the amended complaint, the following undisputed facts appear. Plaintiff was first employed by the School District on September 2, 1943 under a temporary professional employe's contract. Subsequently she was employed as a full-time professional employe beginning August 1, 1946 under a permanent professional employe's contract. She performed services as a school nurse under the latter contract from August 1, 1946 to August 31, 1948. On August 26, 1948 a contract was submitted to the plaintiff calling for services of only two days per week with a reduction in compensation. Plaintiff was unwilling to accept this part-time contract. On or about September 2, 1948 the defendant board of directors notified plaintiff by letter that unless she reported for work on or before September 8, 1948 another nurse would be hired and plaintiff's employment terminated. Plaintiff did not report for work as requested and the defendant board thereupon employed another nurse for part-time service for less compensa-

tion than was received by the plaintiff under her permanent professional employe's contract. By letter dated *May 20, 1955* plaintiff's attorney demanded that the plaintiff be reinstated. No prior demand appears in the pleadings and the instant action was not instituted until August 2, 1955.

Plaintiff averred in her complaint that she had performed her duties as nurse with diligence and without fault and, being entitled to tenure under her contract with the school board, her employment as a full-time nurse was illegally terminated. Assuming this to be true, plaintiff failed to complain or assert her rights until the letter sent to the board by her attorney, dated May 20, 1955, nearly six years and nine months after the termination of her services, and did not institute this proceeding in mandamus until August 2, 1955, almost seven years after the cessation of her employment. We agree with the court below that plaintiff was clearly guilty of laches which barred her claim.

Laches does not depend upon the fact that a certain definite time has elapsed since the cause of action accrued but upon whether under the circumstances of the particular case plaintiff is chargeable with want of due diligence in failing to institute or prosecute his or her claim. In the recent case of *Commonwealth ex rel. Oliver et al. v. Wilkes-Barre et al.*, 365 Pa. 24, 73 A. 2d 420, four members of the police force brought an action of mandamus against the City, the mayor and members of the city council alleging they had been illegally retired from service in violation of the applicable civil service law. They were retired on February 1, 1948 and did not file their complaint in mandamus until a year later, on February 1, 1949. In a per curiam opinion this Court held that it was unnecessary to decide whether the plaintiffs were illegally retired from service because their claim was

precluded by laches. In so deciding we adopted portions of the opinion of the court below which referred to and quoted from the leading case of *United States ex rel. Arant v. Lane, Secretary of the Interior*, 249 U. S. 367, 63 L. Ed. 650, where the relator who enjoyed civil service status had been summarily removed from his position as superintendent of a national park in June of 1913. His action in mandamus, instituted in April of 1915, less than two years later, was dismissed on the ground of laches. Mr. Justice CLARKE, speaking for an unanimous Court, at p. 372 said: "When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service."

Appellant contends that she was lulled into inaction and therefore the defense of laches should not prevail. No such allegation is contained in her original or amended complaint. The argument is based on letters appearing in the pleadings. By letter dated March 6, 1952, the school board advised plaintiff that because of additional nursing duties brought about by the dental clinic, the board had been considering the restoration of the position of school nurse as a full-time job and inquired whether plaintiff would be interested. Plaintiff replied by letter of March 11th that she would accept such a full-time position. By letter dated July 14, 1952 the board advised plaintiff it would continue with a part-time nurse. Nothing in the letter from plaintiff to the school board asserted any right to reinstatement but merely a willingness

to be hired anew which is all that the letters of the board to her contemplated and indicated. Moreover this correspondence occurred more than three years after her alleged wrongful dismissal during which interval she made no complaint or protest. Indeed she made no demand for reinstatement until more than six years after her employment was discontinued and did not bring the present action until nearly seven years thereafter. Public policy required plaintiff to act with reasonable diligence: *Arant v. Lane,* supra; and see *Norris v. United States,* 257 U. S. 77 (also cited and quoted from in the *Wilkes-Barre* case) where a government employe's claim of wrongful removal was denied because of his failure to assert his rights for the period of a little over eleven months.

Appellant also contends that the defense of laches is not available to the defendants because no resultant injury occurred in that no financial or pecuniary loss was sustained. This conclusion is reached by reasoning that if the defendants were to pay the plaintiff the difference between what she earned for the nearly seven years and what she would have earned if she had been employed as the full-time nurse of the defendants, that amount would not, when added to the amount paid to the part-time nurse, be as much as would have been paid to a nurse employed full-time in accordance with the law. Assuming that financial loss was required to be shown despite the unexplained delay in the assertion of plaintiff's rights—which exceeded the statutory limitation governing the institution of contractual actions—it sufficiently appears that the defendants were in fact damaged. Plaintiff's amended complaint set forth in detail for each school year following the termination of her employment, the mandated salary, the amount paid the part-time nurse, and the amount earned by plaintiff in private employment. It appears from

these figures that if plaintiff were successful in this action, the school district will have paid for the school year 1948-49 a total of $3,150, an amount $600 in excess of the mandated salary; for the school year 1949-50 $3,425, an amount $675 more than the salary schedule for that school year.

Assuming that plaintiff was unlawfully dismissed and the part-time nurse unlawfully employed as plaintiff contends, due diligence on her part could have avoided the situation which her unconscionable delay created. It cannot be said that the school district which operates on an annual budget was not prejudiced or damaged by the belated assertion of plaintiff's rights.

Judgment affirmed.