Dale Erway et al., Appellants v. Barbara A. Wallace, Appellee.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Robert F. Cox, Jr., Cox, Wilcox, Owlett & Lewis,* for appellants.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellee.

OPINION BY JUDGE MACPHAIL, May 28, 1980:

Dale Erway and other individual members of the Board of Directors of the Northern Potter School District and its superintendent (collectively School District) appeal from an order of the Court of Common Pleas of Potter County which order (1) compels the School District to interview Barbara A. Wallace (Appellee) for the full-time position of school nurse for the Northern Potter School District, and (2) directs the School District to offer Appellee such employment if it finds her "suitable" pursuant to the interview, and further directs the School District to pay her the difference between her salary plus fringe benefits received in her job with the Austin Area School District during the school years 1977-78 and 1978-79 and the salary plus fringe benefits to which she would have been entitled had she been employed by the Northern Potter School District during those same years. The court also directed that if Appellee were found unsuitable, a further hearing was to be held before the court, at which time the School District would have the burden of showing that it acted reasonably in finding Appellee unsuitable.

Appellee has been certified as a public school nurse since June, 1971, and has been employed by the Austin Area School District as a part-time school nurse since 1959. In the spring of 1977, Appellee learned of a vacancy in the position of full-time school nurse with the Northern Potter School District and filed an application for the job with the School District's superintendent on or about May 10, 1977. In late June or early July of 1977, the School District informed her that the position had been filled. The School District took official action concerning the hiring of a person as school nurse at its meeting on June 29, 1977.

Appellee thereafter learned that the person employed by the School District was not certified as a school nurse. In July, 1977, Appellee advised her Pennsylvania State Education Association (P.S.E.A.) representative of the School District's employment of a non-certified individual. The P.S.E.A. representative wrote to his superior, who contacted the Director of the Bureau of Teacher Certification, Department of Education, to express his concern over the matter and to request that the director refuse the School District an emergency certificate for the school nurse. Nevertheless, an emergency certificate dated September of 1977 was granted to the person employed by the School District as school nurse. The P.S.E.A. representative also wrote to the superintendent of the School District requesting information regarding the nurse's certification. These several requests met with little or no response.

Appellee wrote a letter to the Department of Education on October 25, 1977, to protest the School District's employment of a non-certified individual. However, the Appellee at no time filed a formal action with the Department of Education. As a matter of fact, Appellee took no further action whatsoever until June 22, 1978, on which date she filed an action in mandamus with the Court of Common Pleas of Potter County. Appellee asked that court to order the School District to immediately hire her as school nurse and to pay her the salary plus fringe benefits she would have received if she had been employed by the School District for the 1977-78 school year.

In this appeal the School District raises several arguments on the merits of the trial court's order. A threshold issue, however, is whether the court erred when it refused to dismiss Appellee's mandamus action on the ground that it was barred by laches.

Laches is a proper defense to an action in mandamus. Our Supreme Court has stated that although mandamus is classified as a legal remedy, it is a remedial process and is " 'generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches.' " *Commonwealth ex rel. Oliver v. Wilkes-Barre,* 365 Pa. 24, 26, 73 A.2d 420, 421 (1950). In *Wilkes-Barre, supra,* the Court held that the claimant's mandamus action was barred by laches. *See also Taggart v. Canon-McMillan Joint School System,* 409 Pa. 33, 185 A.2d 332 (1962), and *Haas v. Llewellyn,* 390 Pa. 469, 135 A.2d 754 (1957).

Of course, the circumstances of each case must be examined to determine whether the requirements of laches are met. The defense of laches bars relief when " 'the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice.' " *Leedom v. Thomas,* 473 Pa. 193, 200, 373 A.2d 1329, 1332 (1977). The "party claiming the benefit of the doctrine of laches must demonstrate prejudice due to lapse of time." *Kay v. Kay,* 460 Pa. 680, 685, 334 A.2d 585, 587 (1975).

In applying the law to the facts of the case at hand, we must first determine whether Appellee was diligent in asserting her rights to employment. As we have noted, Appellee learned in early July, 1977, that the School District had filled the vacancy for the school year 1977-78. Until that time, Appellee could not have pursued her claim; but subsequent to that date the circumstances surrounding the hiring basically did not change, and at anytime thereafter Appellee could have filed a formal action with the Department of Education or a mandamus action with the court of common pleas. She did neither until the instant action was instituted nearly one year later. We cannot agree with the trial court that this record of Appellee's ef-

forts evinced "due diligence" on Appellee's part in asserting her claim.

Secondly, we must resolve the question of whether the School District has demonstrated that the delay of Appellee in instituting this suit materially prejudiced another party. The School District has asserted that it was caused injury or prejudice by Appellee's lack of diligence, for the reason that prior to institution of the suit, it had already entered into an employment contract with another individual to pay her a salary of $9,350.00 plus fringe benefits and had continued to employ her for an entire school year. In view of the change in personnel made by the School District and the salary already paid to the person hired, we hold that the position of the School District was prejudiced financially and administratively as a result of Appellee's delay in asserting her claim.

Therefore, we find that Appellee is guilty of laches and has forfeited her right to relief. Our holding on this issue is dispositive of the case, and thus we need not consider the other issues raised by the Appellant School District.

## ORDER

AND NOW, this 28th day of May, the amended order of the Court of Common Pleas of Potter County, dated June 29, 1979, is reversed and the action in mandamus filed by Barbara A. Wallace is hereby dismissed.