West Penn Power Company, Appellant *v.* The Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, Appellee.

Argued October 5, 1983, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Michael W. Balfe, Rose, Schmidt, Dixon & Hasley,* for appellant.

*William J. Fahey,* with him *Patrick J. Loughney,* for appellee.

*John M. Means,* with him *William L. Stang, Markel, Schafer & Means, P.A.,* for intervenor, Allegheny Valley School District and Borough of Springdale.

OPINION BY JUDGE BARBIERI, February 22, 1984:

This is an appeal from an order of the Court of Common Pleas of Allegheny County denying exceptions filed to a non-jury verdict rendered in an action in mandamus filed by West Penn Power Company (West Penn). We affirm.

In 1975 West Penn constructed three steel oil tanks in Springdale Borough, Allegheny County which were assessed at $104,850, $104,850, and $118,160 respectively for property tax purposes. West Penn subsequently appealed these assessments to the Board of Property Assessment Appeals and Review of Allegheny County (Board) alleging that the properties

in question were exempted from taxation since they were "machinery and equipment" used in manufacturing, an apparent reference to the tax exemption found in Section 2(4) of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6902(4), an exemption applicable, *inter alia*, to business privilege taxes, and not personal property or real estate taxes. After a hearing on this matter, the Board issued a decision on February 18, 1976, captioned "DISPOSITION ON APPEAL OF REAL ESTATE ASSESSMENT" which read in pertinent part as follows:

Your Appeal No. 5220-861A from the Assessment of the Property located at . . . Springdale Boro for the year 1975 . . . has been considered by the Board of Property Assessments, Appeals and Review, and action has been taken as noted below:

| LOT & BLOCK NO. | TOTAL ASSESSMENT | NO CHANGE | REVISED FROM TO |
|---|---|---|---|
| 732-M-15 | | X | $104,850 |

West Penn did not appeal from the determination but instead called the Board to complain about the fact that its disposition notice did not expressly address the machinery and equipment exemption issue, and was allegedly informed by an unknown individual that the Board would issue a new decision addressing this question. The Board did subsequently meet with representatives of West Penn on September 8, 1977, but no further action was taken on the matter.

Thereafter, on March 18, 1980, West Penn filed an action in mandamus seeking an order from the court directing the Board to issue a decision on the exemption issue. Before the court, as here, the parties agreed that the Board's February 18, 1976 disposition

notice addressed itself to all three of West Penn's properties, although it only listed one. The court of common pleas subsequently issued a non-jury verdict in favor of the Board, and West Penn filed exceptions to this decision, which the court of common pleas, sitting *en banc,* subsequently dismissed. In its decision the court concluded (1) that the Board had fulfilled its statutory obligation by issuing its February 18, 1976 decision disposing of West Penn's property assessment appeals, thereby alleviating the need for the relief requested by West Penn in its mandamus action, and (2) that the issue of possible deception on the part of Board employees was irrelevant since the action before it was one in mandamus addressed to the court's original jurisdiction, and not a petition for review with an accompanying application to proceed *nunc pro tunc.* The present appeal followed.

Before this Court West Penn alleges (1) that the court of common pleas should have accepted as credible the evidence West Penn produced indicating that it had been deceived by Board employees into not filing an appeal, and (2) that this evidence established a sufficient grounds for the granting of the relief requested in the mandamus action. We find no merit in either of these assertions.

With respect to West Penn's first contention it is clear from even a cursory reading of the court's decision that the court found the evidence of deception presented by West Penn to be irrelevant, not incredible. Moreover, it is clear that the court was correct in this determination since the action before it was one in mandamus, and not a petition for review with an accompanying application to proceed *nunc pro tunc* where the issue of deception would be relevant. *See e.g. Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982).

We also, of course, similarly find no merit in West Penn's second allegation of error.

It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.

*Valley Forge Racing Association, Inc. v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824 (1972). The decision whether to issue mandamus, of course, is within the discretion of the trial court, and on appeal our scope of review is limited to a determination of whether the lower court abused its discretion or committed an error of law. *Coleman v. Board of Education of the School District of Philadelphia,* 477 Pa. 414, 383 A.2d 1275 (1978); *Rizzo v. Schmanek,* 63 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981).

Here, the Board was charged with the statutory duty under the provisions of Section 4(a) of the Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. §5452.-4(d), "[t]o pass upon and determine the amount of property of any organization or institution which is under the provision of existing law entitled to exemption from taxation." Since the Board clearly fulfilled this duty in its February 18, 1976, decision, we believe the court of common pleas properly refused to grant relief in mandamus, and we will therefore affirm.

ORDER

Now, February 22, 1984, the Order of the Court of Common Pleas of Allegheny County at No. GD 80-05584, dated December 28, 1982, is hereby affirmed.