Borough of Monaca et al., Appellants *v.* Lalli Kalervo, Appellee.

Argued March 15, 1984, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Gregory Gleason, Hough & Gleason, P.C.,* with him, *Eugene Martucci,* for appellants.

*John J. Hudacsek, Jr.,* with him, *Debra A. Genevie, Hudacsek and Lewis,* for appellee.

OPINION BY JUDGE DOYLE, August 9, 1984:

Before this Court is an appeal by the Borough of Monaca and the Civil Service Commission of the Borough of Monaca from a decision and order of the Court of Common Pleas of Beaver County granting a writ of mandamus to Lalli Kalervo and directing that he be reinstated to his former position with the Borough Police Department. The matter has come to us following the common pleas court's en banc dismissal of exceptions to the trial judge's decree nisi.

This Court's scope of review of matters such as this requires that we affirm the trial court unless there has been an abuse of discretion or an error of law. *West Penn Power Co. v. Board of Property Assessment, Appeals and Review of Allegheny County,* 80 Pa. Commonwealth Ct. 378, 471 A.2d 1285 (1984). After a careful review of the record in this matter we find neither an abuse of discretion nor any error of law by the trial court. Accordingly we affirm on the basis of the well-reasoned opinion of the Honorable ROBERT E. KUNSELMAN in *Kalervo v. Borough of Monaca,*      Pa. D. & C. 3d      (1981). We do so with the additional note that, with regard to the issue of laches, the action of the Borough, in adopting its budget without providing for the position of the appellee, which the Borough categorizes as operating to its prejudice should this suit be permitted, occurred on December

28, 1980, approximately *six* months after Appellee's discharge. Laches as a defense bars relief when ''the complaining party is guilty of want of due diligence in failing to institute his action to another's prejudice.'' *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 133, 221 A.2d 123, 126 (1966). It ''cannot be based on a change of position taking place before the complainant could have and reasonably should have brought suit.'' *Leedom v. Thomas,* 473 Pa. 193, 202, 373 A.2d 1329, 1333 (1977). Hence, the relevant inquiry for the purpose of determining whether there was undue delay on Appellee's part in bringing suit is whether he should have filed his action within six months, *i.e.,* before the Borough adopted its budget in December. This is especially pertinent when viewed in light of the fact that, of the three months which passed between Appellee's failure to obtain a statement of charges from the Borough in November of 1980, and the filing of his claim, in February of 1981, two of those months, namely, January and February 1981, came after the Borough's adoption of its budget. *See Leedom,* 473 Pa. at 202, n. 8, 373 A.2d at 1333, n. 8. Thus, there was a time frame of only one month during which Appellee had reason to believe a lawsuit would be necessary to obtain relief, before the Borough would have this Court terminate that option.

## ORDER

Now, August 9, 1984, the decision and order of the Court of Common Pleas of Beaver County in the above captioned matter, No. 434 of 1981, is hereby affirmed.

———

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent.

Contrary to the majority's view, I do not believe that Appellee exercised ''due diligence'' in asserting

his claim approximately eight months after he had been terminated. Appellee was notified of his discharge by letter dated July 8, 1980. Shortly thereafter, Appellee retained counsel to represent him in connection with his dismissal. Appellee's counsel then contacted the Borough Solicitor and discussed the possibility of an amicable resolution of the matter. However, the record does not show, as the trial court suggests, that the period between the termination and the filing of the mandamus action was taken up by continuing negotiations and efforts to resolve the matter. Approximately two months passed without Appellee's counsel inquiring any further about the possibility of a settlement. Moreover, it was only during a chance meeting with the solicitor that Appellee's counsel was informed that the matter could not be amicably resolved. Appellee then waited until October 29, 1980, before finally seeking to obtain relief through the Borough Civil Service Commission (Commission). After failing to evoke a response from the Commission with respect to a hearing, Appellee then waited more than three months before filing his mandamus action. Such a course of conduct does not, in my view, evince due diligence.

I cannot agree with the trial court's conclusion that the Borough failed to demonstrate prejudice. The record shows that the Borough eliminated the position of captain from its police department at which time Appellee's attorney had made only one inquiry into whether the matter could be settled and had not sought to obtain relief with the Commission. The record also shows that both parties stipulated to the fact that the Borough failed to include any appropriations for the position of captain in the police department's budget for 1981.

Thus, it is my view that the record demonstrates that the Borough was both financially and adminis-

tratively prejudiced by Appellee's delay in asserting his claim. *See Erway v. Wallace,* 51 Pa. Commonwealth Ct. 561, 415 A.2d 116 (1980). Appellee's mandamus action should therefore be barred.