Wendell McKissick, Appellant *v.* Laurel School Board, Appellee.

Argued March 15, 1984, before Judges MacPhail, Barry and Blatt, sitting as a panel of three.

*Alfred W. Babb,* for appellant.

*John R. Seltzer, Jamison, Seltzer & Harper,* for appellee.

OPINION BY JUDGE BLATT, August 9, 1984:

Wendell McKissick (appellant) appeals here the decision of the Court of Common Pleas of Lawrence County to dismiss his action in mandamus in which he sought to compel the Laurel School Board (Board) to reinstate him with back pay. He maintains that the Board violated his due process rights under the Local Agency Law.[1]

The appellant was employed by the Board as a bus driver for approximately twenty (20) years. On April 13, 1977, he signed a letter of resignation at the request of Dr. John Haddad, the Superintendent of Laurel School District, after being informed by Dr. Haddad that he had been observed kissing a female student on school property. The appellant, however, attempted to rescind this resignation by way of a certified letter dated April 14, 1977, and in a second letter of the same date requested a hearing before the Board. He received a certified mail receipt for each letter, signed by David Smith, the Secretary of the Board, and dated April 28, 1977.

On May 9, 1977, at a regularly scheduled meeting of the Board attended by appellant, his letter of resignation was read into the minutes. The Board took no further action that evening and it is unclear from the

---

[1] Although the appellant has directed us to a repealed section of Title 53 of Purdon's Pennsylvania Statutes Annotated, we will assume that he is asserting due process rights under 2 Pa. C. S. §553.

record whether or not the Board intended the reading of the letter to be an acceptance of the appellant's resignation. The appellant, however, continued to report to work until May 13, 1977 when he was threatened with arrest for criminal trespass. On November 9, 1977, he signed a complaint in assumpsit prepared by his attorney, but the complaint was not then filed. On May 7, 1981, the appellant's attorney filed a writ tolling the statute of limitations and preserving the appellant's right to file an assumpsit complaint at some future date. The assumpsit complaint, however, was never filed, and the appellant subsequently retained new counsel and a complaint in mandamus was filed on April 22, 1982.

The Board filed preliminary objections alleging, *inter alia,* that the mandamus complaint "clearly sets forth on its face that Plainitff [appellant] has failed to pursue his legal remedies in a diligent manner" and requesting that the complaint be dismissed by reason of laches.[2] The trial court thereafter sustained the Board's preliminary objection and dismissed the complaint as requested. The present appeal ensued. The only question presented for our review now is whether or not the trial court abused its discretion in so doing.

Although mandamus is technically a legal remedy, the equitable doctrine of laches is appropriate to bar a mandamus action where a court, in the exercise of

---

[2] Pennsylvania courts have held that the issue of laches may be determined on preliminary objection if laches clearly appears on the face of the complaint. *Siegel v. Engstrom,* 427 Pa. 381, 235 A.2d 365 (1967) ; *Marston v. Kline,* 8 Pa. Commonwealth Ct. 143, 301 A.2d 393 (1973) and Pa. R.C.P. 1059(b). *But see Rose Tree Media School District v. Dept. of Public Instruction,* 431 Pa. 233, 244 A.2d 754 (1968) ; *Carney v. Floyd,* 45 Pa. Commonwealth Ct. 10, 404 A.2d 760 (1979) and Pa. R.C.P. 1030. Inasmuch as neither party raised the issue of whether or not the doctrine of laches may be raised by way of preliminary objections in a mandamus action, it has been waived.

its sound judicial discretion, determines that the complaining party failed to exercise due diligence in instituting the action and thereby prejudiced the party defendant. *Oliver v. Wilkes-Barre,* 365 Pa. 24, 73 A.2d 420 (1950) and *Erway v. Wallace,* 51 Pa. Commonwealth Ct. 561, 415 A.2d 116 (1980). Further, the party asserting laches must prove that it has been prejudiced due to a lapse of time. *Kay v. Kay,* 460 Pa. 680, 334 A.2d 585 (1975).

The appellant argues that any delay in filing his claim was not attributable to him but rather to his first attorney who advised him to delay filing so as to accumulate damages. In addition, he contends that the Board has not proved any prejudice as a result of the delay and that laches, therefore, will not operate to bar this action. We will address these issues seriatim.

The trial court relied on the decision in *George v. Hillman Transportation Co.,* 340 F. Supp. 296 (W.D. Pa. 1972) to reach its conclusion that the faulty judgment of counsel is not a defense to a charge of laches. We agree with that, for to hold otherwise would mean that, where counsel errs in advising his client, some equitable remedy might *always* remain available to that client. The doctrine of laches, however, suggests the opposite: it is clearly in the interest of public order that, at some ascertainable point in time, a party must be required to discover the full extent of his claim and to assert it in the courts so as to prevent the "threat of litigation" from hampering indefinitely the business of government and of private parties concerned.

As to the question of whether or not the Board has shown that it was prejudiced by the five (5) year delay, we note that, although the Board offered no direct evidence of prejudice into the record before the trial court, it argues here that the appellant, in paragraphs fourteen (14) and fifteen (15) of his complaint in

446

mandamus, provided the factual basis for its showing of prejudice. Paragraph fourteen reads, in pertinent part, that ''[o]n May 10, 1977, a notification of vacancy in the school system for a bus driver on Bus #36, Plaintiff's route, was posted'' and paragraph fifteen states that ''[s]aid position was not to start until August 30, 1977.'' Assuming, as we must,[3] that these facts are true, we also note that the Board argues prejudice in that it hired a replacement driver soon after the appellant's resignation so as not to disrupt bus service and that, if the appellant were now to be reinstated with back pay, the Board would essentially be forced to pay two salaries for one position from the fixed annual budget of the past five years.

While we have held, in an analogous situation, that a school board was prejudiced by a party's delay in filing a mandamus action to compel reconsideration of a hiring decision where the position had been filled for over a year, *Erway v. Wallace,* 51 Pa. Commonwealth Ct. 561, 415 A.2d 116 (1980), we do not believe that the facts alleged in the appellant's complaint here prove that a new driver actually *was* hired and paid over the past five years. Although we might assume that the Board intended to hire a replacement, it would also be conceivable that bus routes were altered so as to eliminate any need to fill the vacancy left by the appellant's resignation. At any rate, there is nothing in the record here, as there was in *Erway* to prove what the Board asks us to assume.

Inasmuch as the successful application of the doctrine of laches turns not upon proof that time has passed but upon a showing of prejudice, *Siegel v. Engstrom,* 427 Pa. 381, 235 A.2d 365 (1967), we will re-

---

[3] In ruling upon preliminary objections, a court must accept as true all well-pled facts, but not conclusions or averments of law. *Snelling v. Department of Transportation,* 27 Pa. Commonwealth Ct. 276, 366 A.2d 1298 (1976).

verse the decision of the trial court and remand for further proceedings not inconsistent with this opinion.

## ORDER

AND Now, this 9th day of August, 1984, the order of the Court of Common Pleas of Lawrence County in the above-captioned matter is hereby reversed, and the matter is remanded to said court for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.