506 A.2d 1345

Linda Ann Mope, Appellant *v.* Hazleton Area School District, Appellee.

Argued February 7, 1986, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Paul C. Hensel,* for appellant.

*David L. Glassberg,* for appellee.

OPINION BY JUDGE COLINS, March 27, 1986:

Linda Ann Mope (appellant), a certified English teacher, appeals an order of the Court of Common Pleas of Luzerne County dismissing her complaint for reinstatement and lost wages following the termination of her employment with the Hazleton Area School District (District). The matter has come to us following the common pleas court's en banc dismissal of exceptions to the trial judge's decree nisi.

Appellant had been periodically employed by the District as a substitute teacher during the 1974-75 school term. Shortly before the start of the 1975-76 term, appellant was hired to fill a position vacated by a tenured teacher who had resigned. Appellant did not execute a contract governing her employment, nor do the minutes of the District's School Board reflect an approval of her hiring. The status of her employment within the constraints of the Public School Code of 1949

(Code)[1] was not defined. Appellant did report to work on a daily basis and carried the complement of duties required of a full-time teacher.

On February 26, 1976, appellant met with the Superintendent of Schools, the Director of Secondary Education and the principal of the school in which she had been teaching. The events of this meeting are in dispute. Appellant contends that she was dismissed from her position by the Superintendent of Schools. The District argues that appellant was not dismissed, although criticism of her teaching ability was conveyed.[2]

---

[1] Section 1101 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1101, provides for the following categories of employees:

(1) The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

(2) The term 'substitute' shall mean any individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and approved by the board of school directors or to perform the duties of a temporary professional employe who is absent.

(3) The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

[2] In regard to the question of whether or not appellant had, in fact, been dismissed by the Superintendent of Schools, the trial court determined that "[t]here was a misunderstanding as to what transpired at the meeting, as the [appellant] believed that she had been discharged."

Following the meeting, the District contends, appellant requested permission to leave work early that day on account of illness. She never returned to her position. She did not receive notification of her alleged dismissal.

On March 5, 1976, appellant contacted counsel for the Hazleton Area Education Association, Peter O'Brien, regarding a claim for reinstatement. By letter of that date, Mr. O'Brien requested the District afford appellant a hearing on her dismissal. Mr. O'Brien testified that he requested the hearing solely to preserve the appellant's rights without regard to the merits of her claim. His subsequent investigation led him to believe that the absence of documentation of the status of her employment precluded any remedy appellant might have against the District. On June 1, 1976 he advised her that he would not represent her and suggested that she seek other counsel. Mr. O'Brien did not speak with appellant after that date. He did informally advise the Superintendent of Schools shortly thereafter that he had terminated his representation of appellant.

Appellant contacted a second attorney in September, 1977 and suit was ultimately commenced on February 27, 1978, two years from the date of appellant's dismissal. At the hearing the appellant contended that her employment status was that of a "temporary professional employee" within the meaning of the Code and that she was thereby entitled to written notice of dismissal and a hearing. The District argued that appellant was a "long-term substitute" and not entitled to a hearing. The trial court found that appellant's claim was barred by laches and thus did not reach the issue of her employment status.

This Court's scope of review in matters such as this requires that we affirm the trial court unless there has been an abuse of discretion or an error of law. *Borough of Monaca v. Kalervo*, 84 Pa. Commonwealth Ct. 399,

479 A.2d 92 (1984). After a thorough review of the record in this case, we find neither an abuse of discretion nor any error of law by the trial court.

The defense of laches bars relief when "the complaining party is guilty of a lack of due diligence in failing to institute his action to another's prejudice." *Leedom v. Thomas*, 473 Pa. 193, 200, 373 A.2d 1329, 1332 (1977). The party asserting laches must establish that it was prejudiced by a period of inordinate delay by the other party. *Farrell Area School District v. Deiger*, 88 Pa. Commonwealth Ct. 431, 490 A.2d 474 (1985).

In applying the doctrine of laches to the facts *sub judice*, we must initially determine whether appellant was diligent in asserting her rights. *See Erway v. Wallace*, 51 Pa. Commonwealth Ct. 561, 415 A.2d 116 (1980). The trial court found that appellant made at most three formal contacts with the District regarding her claim from February 26, 1976, her final day of work, until the filing of her complaint on February 22, 1978. These contacts consisted of a request for a hearing in March, 1976; notification by appellant's counsel that he had terminated his representation; and contact by appellant's subsequent counsel in September, 1977. The trial court held that this extenuated sequence of events made "it difficult to conclude that [appellant] actually pursued this matter." We agree.

Were appellant a woman of fewer accomplishments and less erudition, we might be more inclined to find these events manifested an intent on her part to actively pursue her claim. The record indicates, however, that appellant was a college graduate, of Dean's list distinction, and had received a Master's degree in Science from the University of Scranton. She was certified to teach English in the public school system. In finding this appellant guilty of laches, we are not unduly harsh in imposing upon her a duty to take additional and

more aggressive action within two full years of her dismissal. Most significantly, we note that appellant did not contact a second attorney until some fifteen months after her first attorney had terminated his representation. Appellant contends in her brief that she was "discouraged" from prosecuting her claim by attorney O'Brien's opinion that she was precluded from a remedy by the absence of documentation of her employment status. The soundness of her attorney's advice is not an issue before this Court. However, assuming arguendo, that appellant did in fact receive incorrect advice, we must note that the faulty judgment of counsel is not a defense to laches. *McKissick v. Laurel School Board,* 84 Pa. Commonwealth Ct. 442, 479 A.2d 90 (1984). We also must underscore the fact that the record contains Attorney O'Brien's testimony that he advised appellant to seek a second opinion regarding the merits of her claim. The trial court found this testimony to be credible.

The appellant argues that any delay in filing her claim was attributable to the District's failure to respond to her request for a hearing, rather than fault of her own. The District counters that her substitute status relieved them of the duty to respond. While we do not condone the District's failure to convey at least a denial of her request, we do note that appellant took no further action to either renew her request for a hearing or to interpret the District's silence as a refusal and proceed to litigation.

Secondarily, we must resolve the question of whether the District has demonstrated that it has been materially prejudiced by the appellant's delay in instituting suit. The record reveals that the District was forced to summon a substitute teacher upon appellant's sudden departure from the school on February 26, 1976 and to continue in appellant's position for the balance of the

1975-76 school year. The District transferred a permanent teacher into the position the following year.

In so doing, the District properly assumed that the appellant had abandoned her claim and that the furtherance of educational continuity demanded the hiring of replacement individuals. As we have previously discussed, appellant made no attempt to contact the District from June, 1976, at which time her attorney informed the District that he had terminated his representation, until September, 1977. We fail to see how the District might have interpreted this inactivity on the part of the appellant as any course other than an abandonment of her claim.

The District, of course, expended public funds to pay the teachers hired to assume the appellant's position. Were the appellant to recover back wages in this action, the District would be forced to twice pay for services rendered by the replacement personnel. In matters dealing with public funds, our Supreme Court has held in *Allen v. West Mifflin Borough*, 419 Pa. 394, 397, 214 A.2d 502, 504 (1965) that a public employee has a duty to timely come forward to contest an alleged improper removal so as to eliminate any unnecessary burden on the taxpayer. As the court stated:

> [s]ince these damages are paid from public funds, there is a duty upon the plaintiff not to rest upon his rights, and especially upon the courts to not be dilatory in determining the issues. When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified, the government service may be

disturbed as little as possible, and that two salaries shall not be paid for a single service.

We find instructive this Court's decision in *Erway*. In that case, a certified public school nurse failed to challenge the hiring of a non-certified individual for a full-time position requiring certification until nearly one year after the fact. This Court determined that the certified nurse was not diligent in asserting her rights to employment and that the District had been administratively and financially prejudiced by virtue of the fact that, prior to institution of the suit, it had entered into an employment contract with another individual and had employed her for a full year. The record *sub judice* reveals comparable personnel changes and salaries paid for replacement services; we conclude, as in *Erway*, that the District was prejudiced by appellant's inordinate delay in asserting her claim.

Because we concur in the trial court's determination that appellant's claim was barred by laches, we need not address the issue of the status of her employment with the District or her consequent entitlement to a hearing upon dismissal.

Accordingly, we affirm the order of the Court of Common Pleas of Luzerne County.

## ORDER

AND NOW, March 27, 1986, the order of the Court of Common Pleas of Luzerne County, No. 14 of 1978, dated May 11, 1983, is affirmed.