100 Pa. Commonwealth Ct. 429 (1986)
515 A.2d 75
Del-Val Electrical Inspection Service, Inc., Appellant
v.
Stroudsburg-East Stroudsburg Zoning & Codes Office, Appellee.
No. 1548 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued May 12, 1986.
September 10, 1986.
*430 Argued May 12, 1986, before Judges MacPHAIL and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.
Elvira C. LaBarre, Turtzo, Spry, Powlette, Sbrocchi & Faul, for appellant.
Bernard M. Billick, Robinson, Hoffner & Billick, with him, James A. Butz, Hiscott & Robinson, for appellee.
OPINION BY JUDGE COLINS, September 10, 1986:
Del-Val Electrical Inspection Service, Inc. (appellant) appeals an order of the Court of Common Pleas of Monroe County (trial court) granting the Motion for *431 Summary Judgment filed by the Stroudsburg-East Stroudsburg Zoning and Codes Office (appellee) upon finding that appellant's complaint was barred by laches.
We are constrained to detail the procedures employed by the parties in this matter. On April 1, 1977, appellant, a Pennsylvania corporation engaged in the performance of inspections of electrical wiring and apparatus, filed a complaint in equity in which it averred that appellee had arbitrarily barred it from performing such inspections and which sought an order enjoining appellee from continuing to so bar appellant's operations.
In an Answer and New Matter, filed on May 24, 1977, appellee denied any arbitrary action on its part and alleged that appellant had been barred from performing further electrical inspections because of its failure to submit numerous inspection cards verifying that certain inspections had indeed been performed.
Appellant responded on July 20, 1977 in a Reply to New Matter, stating that, in its view, the pertinent ordinances did not require the submission of inspection cards and that the prohibition imposed by appellee was thus unwarranted.
No further action was taken on record until May 24, 1983, at which time the trial court, sua sponte, and in accordance with Pennsylvania Rule of Judicial Administration (Pa. R. J. Adm.) No. 1901, which empowers a court to purge its docket of inactive cases, issued a Rule to Show Cause on the parties as to why the instant matter should not be discontinued. Both parties answered the Rule. In its Answer, appellant indicated its intent to proceed, admitted that no action had been taken since the filing of its Reply to New Matter on July 20, 1977, and attributed the inactivity to a "misunderstanding" between itself and counsel, arising upon the departure from the firm of the attorney who had been responsible *432 for its case. Appellant simultaneously propounded Interrogatories upon appellee, and Answers to these Interrogatories were filed on May 4, 1984; Answers to Interrogatories addressed to appellant were filed on August 20, 1984. Appellee deposed a Mr. Rehm, President of appellant, on November 9, 1984. Shortly thereafter, on January 11, 1985, appellee filed a Motion for Summary Judgment which motion, as we have indicated, was granted by the trial court.
In so doing, the trial court concluded that: (1) appellant was "guilty of laches by virtue of its failure to do anything with respect to this suit for almost six years and the resulting prejudice[1] to [appellee]" and (2) that appellee was not protected from suit by the doctrine of governmental immunity. The trial court did not address an additional argument raised by appellee in its Motion to the effect that appellant's claim was prohibited by its failure to exhaust administrative remedies.
The oft-cited definition of laches is as follows: laches is an equitable defense which bars relief when the "complaining party is guilty of a lack of due diligence in failing to institute his action to another's prejudice." Leedom v. Thomas, 473 Pa. 193, 200, 373 A.2d 1329, 1332 (1977) (emphasis added). Accord Borough of Monaca v. Kalervo, 84 Pa. Commonwealth Ct. 399, 479 A.2d 92 (1984); Erway v. Wallace, 51 Pa. Commonwealth Ct. 561, 415 A.2d 116 (1980).
The party asserting laches must demonstrate not only inordinate delay on the part of the plaintiff but resultant prejudice induced by such delay. Mope v. Hazleton Area School District, 96 Pa. Commonwealth Ct. *433 179, 506 A.2d 1345 (1986). The required prejudice is established where, for example, witnesses die or become unavailable, records are lost or destroyed, and changes in position occur due to the anticipation that a party will not pursue a particular claim. Class of 200 Administrative Faculty Members v. Scanlon, 502 Pa. 275, 466 A.2d 103 (1983).
We find no delay in instituting suit on the part of the appellant in the instant action. Appellant filed its complaint just five months after the actions complained of in that document, namely, notification by appellee that it had been prohibited from performing further electrical inspections. It follows that appellee was in no way prejudiced by the institution of suit at that juncture.
Although our research discloses some authority for the application of the doctrine of laches to a delay subsequent to the commencement of suit, see Fidelity and Casualty Co. v. Kizis, 363 Pa. 575, 70 A.2d 227 (1950); Nilon Bros. Enterprises v. Lucente, 315 Pa. Superior Ct. 343, 461 A.2d 1312 (1983), we note that pursuant to Pa. R.C.P. No. 1030, laches is an affirmative defense which must be pleaded in a responsive pleading filed on behalf of a defendant, herein appellee, under the heading of New Matter, or such defense is deemed waived.[2] Pa. R.C.P. No. 1032.
In our view and in keeping with Pa. R.C.P. No. 1030, a defendant's recourse upon the plaintiff's failure to prosecute his action within a reasonable time after suit is commenced lies in a petition for non pros, see Gallagher v. Jewish Hospital Association, 425 Pa. 112, *434 228 A.2d 732 (1967); 1 Goodrich-Amram, Standard Pennsylvania Practice §231(b):2.1 (1986), the grant of which petition rests within the discretion of the trial court. Gallagher.[3]
We find the trial court's application of the doctrine of laches to the hiatus following the filing of the pleadings inappropriate, and its grant of appellee's Motion for Summary Judgment in error, even if we consider the court's action to be, functionally, the granting of a non pros.
The trial court had an opportunity to dismiss the instant matter in May, 1983 when it reviewed the case pursuant to Pa. R. J. Adm. No. 1901, providing for the termination of inactive claims which have been apparently abandoned or resolved by the parties without any entry on the court's docket.[4]Taylor v. Oxford Land, Inc., 338 Pa. Superior Ct. 609, 488 A.2d 59, appeal granted, 508 Pa. 425, 498 A.2d 833 (1985). At that time, the trial court allowed the case to continue.
As of the court's status review on May 24, 1983, there had been no activity of record for some five years. Following that review, the parties exchanged Interrogatories and appellant's President was deposed by appellee. Assuming arguendo, that appellant had in fact procrastinated in the prosecution of this litigation in the period preceding the court's review, it did not continue to do so. In addition, some of the delay was occasioned by appellee itself. The record reveals that appellee did *435 not respond to appellant's Interrogatories for almost nine months and only then, after the issuance of a Rule to Show Cause as to why Answers should not be filed. Nor did appellee take positive action to expedite the matter by, for example, petitioning the court for a grant of non pros.
Our scope of review following the grant of a Motion for Summary Judgment requires that we affirm the trial court unless there has been an abuse of discretion or an error of law. Borough of Monaca. We believe the trial court, having once reviewed the status of this case, erred in granting appellee's Motion for Summary Judgment.
Accordingly, we are compelled to reverse the order of the trial court granting appellee's Motion for Summary Judgment, strike the entry of Summary Judgment, and remand the matter to the court for consideration of appellee's unresolved contention that appellant's case is prohibited by its failure to exhaust administrative remedies.[5]

ORDER
AND NOW, September 10, 1986, the order of the Court of Common Pleas of Monroe County, dated May 13, 1985, at No. 839 January Term, 1977, is reversed and the summary judgment entered on behalf of the Stroudsburg-East Stroudsburg Zoning & Codes Office, Appellee, shall be stricken. The matter is remanded to the trial court for further proceedings consistent with this Opinion.
NOTES
[1] The trial court found that appellee had been prejudiced in its ability to defend this suit by the death in 1977 of a potential witness, a Mr. Gage, the Borough Manager of East Stroudsburg, and by virtue of the fact that two employees of appellee at that time, also potential witnesses, were no longer so employed.
[2] The trial court explained appellee's failure to raise laches in a responsive pleading as follows: "Nor can [appellant] invoke Pa. R.C.P. 1030 to forestall [appellee]. The defense of laches arose after [appellee] filed its new matter. [Appellee] is not required to be a seer in filing pleadings."
[3] A court may enter a judgment of non pros where a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay and the delay has caused prejudice to the adverse party. James Bros. Lumber Co. v. Union Banking & Trust Co., 432 Pa. 129, 247 A.2d 587 (1968).
[4] Our review of the Monroe County Rules of Court fails to disclose a local rule implementing Pennsylvania Rule of Judicial Administration No. 1901.
[5] We concur in the trial court's determination that appellee is not immune from suit.