Frank **RAIO**, as parent and natural guardian of Shawn Raio, a minor and Thera Raio, a minor; and Frank Raio, in his own right

v.

**AMERICAN AIRLINES, INC.,** Jane Doe, A Stewardess, John Doe, An Employee.

Civ. A. No. 83–3375.

United States District Court, E.D. Pennsylvania.

Aug. 15, 1984.

Stuart Fiel, Philadelphia, Pa., for plaintiff.

Larry Silverman, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

After a successful jury trial defense by American Airlines, Inc., ("defendant") of assault and defamation charges brought against it by the plaintiffs, the defendant filed a bill of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). A taxation conference was held on March 15, 1984, at which time the bill of costs was reviewed by the clerk of this court. On May 21, 1984, judgment for taxation of costs in the amount of $2,381.58 was entered for defendant by the clerk who rendered an opinion in support of his decision. Presently before this court is plaintiff's motion for review of the clerk's taxation of costs. For the reasons which follow, we affirm the taxation of costs with the exception of $55.65 for miscellaneous expense.

The court docket for this case maintained in the Clerk's Office details that on May 21, 1984, judgment for costs was entered in favor of defendant. On that same date, notice of judgment was mailed to the parties. The docket further details that plaintiff's motion for review of the clerk's May 21 decision was filed on June 4, 1984.

Rule 42(b) of the Local Rules of Civil Procedure provides:

> (b) All bills of costs requiring taxation shall be taxed by the Clerk, subject to an appeal to the court. Any party appellant shall, within five (5) days after notice of such taxation, file a written specification of the items objected to and the grounds of objection. A copy of the specifications of objections shall be served on the opposite party or his attorney within five (5) days. An appeal shall be dismissed for non-compliance with the appeal requirements.

Thus, a party has five (5) days after notice of taxation to appeal. Rule 6(e) of the Fed.R.Civ.P., however, allows an additional three (3) days when service of a notice is by mail:

> (e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Therefore, when both rules are read in conjunction with one another, a party has eight days to appeal an adverse taxation of costs decision.

■ In the case *sub judice*, notice of the decision of the clerk was mailed to the parties on May 21, 1984. Allowing eight days for the filing of an appeal as prescribed by the above rules, we determine May 29, 1984 to be the deadline for such filing. Since plaintiff did not file his motion for review until June 4, 1984, we deny plaintiff's motion as untimely.

Even if plaintiff's motion had been timely filed, we would still deny it. Taxation of costs is governed by 28 U.S.C. § 1920 which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title.
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Defendant was awarded reimbursement by the clerk for expenses under five general categories of cost: (1) filing fees for

removal of the action from state to federal court; (2) transcript fees; (3) copying costs; (4) witness fees and expenses; and (5) miscellaneous cost for certificate of notice of deposition.

■ The costs of removing the case from state to federal court are taxable costs. As the clerk's opinion points out, 28 U.S.C. § 1920(1) does not distinguish between fees paid upon actions initially filed in the district court and those fees paid upon removal to the district court. *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107 (D.C.La.1950), aff'd, 187 F.2d 61 (5th Cir.1951). Further, we can see no reason why a plaintiff would be entitled to reimbursement of the filing fee in a case where the plaintiff prevails, and refuse to award the defendant the removal costs when defendant prevails. Thus, we will allow the $109.00 claimed for removal fees.

■ The transcript fees incident to the taking of depositions of witnesses are taxable. Plaintiffs contend that the depositions were unnecessary since the deponents actually testified at trial. Costs for taking of depositions are taxable when the depositions appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken. This rule applies even though the deposition taken may not have been used at trial. *Kraeger v. University of Pittsburgh*, 535 F.Supp. 233 (D.C.Pa.1982); *Health-Chem Corp. v. Hyman*, 523 F.Supp. 27 (D.C.N.Y. 1981). Thus, we agree with the clerk's opinion and allow the transcript fees of $290.08 as taxable costs.

■ The copying costs of various documents for use in the case are taxable. Plaintiff contends that because the documents in question pertained to the issue of damages which was never reached at trial, the costs of copying the documents are not taxable. 28 U.S.C. § 1920(4) specifically allows for costs of "copies of papers neces-

sarily obtained for use in the case." We determine that at the time the copies were obtained that defendant could reasonably have expected that the damage issue would be reached at trial. Therefore, the documents were necessarily obtained for use in the trial and the cost of $188.85 is taxed in defendant's favor.

■ Witness fees and expenses are claimed by defendant for airfare, hotel and miscellaneous expenses of four witnesses who testified at trial. Plaintiffs contend that these expenses should not be allowed under the "100-mile" rule. We determine that the witness fees and expenses are taxable in favor of the defendant subject to the adjustment below.

■ Rule 45(e) of the Fed.R.Civ.P.[1] provides *inter alia* that subpoenas compelling attendance of witnesses at trial cannot be served outside the judicial district more than 100 miles from the place of trial. As a result, many decisions of district courts have held that because witnesses cannot be compelled to travel more than 100 miles to the place of the trial, then a party who persuades them to do so by paying their transportation expenses cannot expect to have those expenses taxed as costs. *Consolidated Fisheries Co. v. Fairbanks, Morse & Co.*, 106 F.Supp. 714, 715 (E.D.Pa. 1952); *Lee v. Pennsylvania R. Co.*, 93 F.Supp. 309 (E.D.Pa.1950). However, adherence to the "100-mile" rule is discretionary on our part where, as here, the witnesses' testimony is relevant, necessary and bears on essential issues of the case. *Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158 (D.C.N.Y.1969); *Sperry Rand Corporation v. A–T–O, Inc.*, 58 F.R.D. 132 (E.D.Va.1973). We therefore find that the travel and hotel expenses in question are properly taxable in favor of the defendant.

Originally, defendant claimed hotel expenses of $87.20 each for three witnesses

---

1. Rule 45(e) provides in part that:
    "A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena...."

and $88.20 for the other. The clerk, with whom we are in agreement, reduced the requested amounts to $75.00 for each to conform with the provisions of 28 U.S.C. § 1821(d)(3) and with 5 U.S.C. § 5702(c) which provides for $75.00 per day witness subsistence allowance in a high-cost area.

However, we disagree with the clerk as to the listed miscellaneous expense of $55.65 (See Clerk's Taxation of Costs, Page. 4). This expense is neither explained nor supported by any documentation. We, therefore, reduce the taxable costs recoverable to the defendant by $55.65 and allow total travel and hotel costs of $1,781.80.

The final cost in question is a miscellaneous cost of $6.00 for a certificate of notice of deposition. As the clerk's opinion details, under 28 U.S.C. § 1920(4) such expense is incident to the deposition costs previously allowed, and, therefore, we find this expense taxable in defendant's favor.

In summary, we allow the following expenses:

| | |
|---|---|
| Fees of the Clerk | $ 109.00 |
| Deposition Transcripts | 290.08 |
| Document Expense | 188.85 |
| Witness Expense (Travel and Hotel) | 1,732.00 |
| Certificate of Notice of Deposition | 6.00 |
| TOTAL | $2,325.93 |

