552 A.2d 1143

Richland Township Planning Commission, Appellant *v.* Michael J. Bobiak and Mary I. Bobiak, Appellees.

Argued December 15, 1988, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Francis X. Buschman, Jr., Souder, Rosenberger, Bricker, Buschman & Maza,* for appellant.

*Lawrence B. Fox,* for appellees.

OPINION BY SENIOR JUDGE NARICK, January 18, 1989:
This action is an appeal by the Richland Township Planning Commission (Commission) from ʹa decision and

order of the Court of Common Pleas of Bucks County which directed the Commission to approve preliminary subdivision plans filed on April 24, 1974 with respect to certain property owned by Michael J. Bobiak and Mary I. Bobiak (Appellees). We affirm.

Appellees are the owners of a sixty-four acre parcel of land located in Richland Township (Township). On March 6, 1974, Appellees executed an agreement of sale with William P. Meyers and Herbert L. Luff for the sale of Appellees' property but said sale was conditioned upon the buyers obtaining subdivision approval. On April 24, 1974, the buyers submitted their subdivision application to the Commission for preliminary approval. Appellees' property was at this time zoned residential subdivision (RS). A meeting was held by the Commission and at this meeting the buyers were presented with a letter from the Township's engineer. This letter indicated that the Township's engineer was recommending rejection of buyers' preliminary subdivision plans. The Commission never issued a formal decision with respect to buyers' application for preliminary subdivision plan approval. On June 16, 1975, the Township Board of Supervisors enacted the Quakertown area zoning ordinance and this ordinance changed the zoning of Appellees' property to rural agricultural (RA).

In December 1976, Appellees executed another agreement of sale with Huntingdon Hollow Associates (HHA). A request for rezoning was filed by HHA with the Commission but said request was denied. HHA thereafter commenced an action in mandamus in the court of common pleas seeking deemed approval of the 1974 preliminary subdivision plans pursuant to Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(3) because the Commission had failed to render a decision regarding their preliminary

plan within ninety days of the application. The court of common pleas affirmed the Commission's action and an appeal to this Court was taken. Subsequently, this Court issued the following order:

> And Now, this 12th day of March, 1980, the order of the Court of Common Pleas of Bucks County, dated May 23, 1978, denying the exceptions filed by Michael J. Bobiak et al. to the court's decision of January 19, 1978, is reversed, and the Court of Common Pleas is directed to enter judgment against the Richland Township Planning Commission and enter an order directing the said planning commission to approve the preliminary subdivision plans filed with the planning commission by William P. Meyers and Herbert L. Luff on April 22, 1974.

*Bobiak v. Richland Township Planning Commission,* 50 Pa. Commonwealth Ct. 77, 83, 412 A.2d 202, 206 (1980) *(Bobiak I).*

For approximately seven years no action was taken with respect to the preliminary subdivision approval of Appellees' property. Then in July 1987, Appellees went before the Commission seeking approval of the 1974 preliminary subdivision application. The Commission refused Appellees' request for approval and Appellees thereafter filed a petition in the court of common pleas seeking enforcement of the 1980 order of this Court in *Bobiak I.* On February 16, 1988, the common pleas court entered judgment against the Commission and directed the Commission to approve the 1974 preliminary subdivision plans. On appeal, three issues have been presented for our consideration: (1) whether it was proper to seek enforcement of the *Bobiak I* order in the court of common pleas; (2) whether the doctrine of laches precludes Appellees from seeking enforcement of the *Bobiak I* order; and (3) whether Appellees pursuant

to Section 508(4) of the MPC, *as amended,* 53 P.S. §10508(4) are now subject to the zoning changes which occurred in 1975 whereby Appellees' property was rezoned from RS to RA.[1]

As to the first issue raised by the Commission, we believe Appellees acted properly in seeking enforcement of the *Bobiak I* order before the common pleas court. That order directed the common pleas court to order the Commission to approve the 1974 preliminary subdivision plans and the record reveals that this Court returned the record to the trial court as required by Pa. R.A.P. 2571. However, no action was taken to enforce this order until approximately seven years later.[2] When the Commission refused to grant approval, Appellees in November 1987 filed a petition for enforcement of judgment in the court of common pleas. Clearly, this was not a matter within our original jurisdiction,[3] nor was there an outstanding order of the trial court being appealed from in order to bring this matter into our appellate jurisdiction.[4]

Thus, we will now turn to the second issue raised by the Commission—whether the doctrine of laches bars Appellees' right to relief herein. Laches is an equitable doctrine which depends upon both inexcusable delay and prejudice to the other party. *Del-Val Electrical Inspection Service, Inc. v. Stroudsburg-East Stroudsburg Zoning and Codes Office,* 100 Pa. Commonwealth Ct.

---

[1] Our scope of review herein is confined to a determination as to whether the trial court committed an error of law or an abuse of discretion. *Coretsky v. Board of Commissioners of Butler Township,* 103 Pa. Commonwealth Ct. 28, 519 A.2d 571 (1987), petition for allocatur granted 516 Pa. 636, 533 A.2d 94 (1987).

[2] We do not believe this delay is solely attributable to Appellees' inaction.

[3] *See* 42 Pa. C. S. §761.

[4] *See* 42 Pa. C. S. §762.

429, 515 A.2d 75 (1986).[5] This prejudice may be established, for example, where records have become lost or unavailable, witnesses die or cannot be located and where the party asserting laches has changed its position in anticipation that a party will not pursue a particular claim. *Id.; also see Class of Two Hundred Administrative Faculty Members v. Scanlon,* 502 Pa. 275, 466 A.2d 103 (1983). The prejudice which the Commission alleges it has suffered is that in 1975 the Board of Supervisors rezoned Appellees' property RA. The Commission further asserts that Appellees had a duty to act timely so as to enable the Township to protect the community. We do not consider these reasons sufficient to establish prejudice to the Commission; therefore, the doctrine of laches does not bar Appellees from relief herein.

We now turn to the last issue raised by the Commission that pursuant to Section 508(4) of the MPC, Appellees' request for subdivision approval is now subject to the 1975 rezoning of their property to RA. This section essentially provides that:

> [N]o subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied to affect adversely the right of the applicant to commence and to complete any aspect of the approved development in accordance with the terms of such approval *within five years from such approval.* Where final approval is preceded by preliminary approval, the five-year period shall be counted from the date of the preliminary approval ....

Section 508(4) of the MPC (emphasis added).

---

[5] Laches will not be imputed where no injury has resulted to the party asserting laches. *See Melnick Building and Loan Association v. Melnick,* 361 Pa. 328, 64 A.2d 773 (1949); *James v. Silverstein,* 224 Pa. Superior Ct. 489, 306 A.2d 910 (1973).

Thus, it is the Commission's position that the deemed approval became effective in 1974 when the Commission failed to issue a written decision as required by Sections 508(1) and (2) of the MPC, *as amended,* 53 P.S. §§10508(1 and (2). Therefore, Appellees are subject to the five-year time limitation set forth in Section 508(4) of the MPC.[6] For the reasons set forth below, we must disagree.

In 1976, a mandamus action was filed in the court of common pleas seeking deemed approval of the 1974 preliminary subdivision plans. It is well established that mandamus may be employed to seek recognition of a deemed approval. *Croft v. Board of Supervisors of Middletown Township,* 76 Pa. Commonwealth Ct. 488, 464 A.2d 625 (1983). In 1980, this Court issued an order directing the court of common pleas to direct the Commission to approve the preliminary subdivision plans. It was not until February 16, 1988 that the court of common pleas did finally order the Commission to approve the preliminary subdivision plans. However, this order was appealed by the Commission and is now before us for review. Thus, the Commission has never issued an approval of the 1974 preliminary subdivision plans. Because there has been no approval of these plans by the Commission, the five-year limitation set forth in Section 508(4) of the MPC has not yet begun to run. Although we recognize the procedural history of this matter is somewhat unusual, because there has been no preliminary approval, the five-year time limit of Section 508(4) of the MPC cannot bar Appellees' request for relief herein.

---

[6] Actually if the Commission's assertions were correct Appellees would be subject to a three-year limitation - Section 508(4) of the MPC was amended in 1982 changing the three-year limitation to a five-year limitation.

Accordingly, the order of the trial court is affirmed and the Commission is directed to issue approval of the 1974 preliminary subdivision plans.

ORDER

AND NOW, this 18th day of January 1989, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.