569 A.2d 415

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George F. MAYER and Donald D. Mayer, individually and as co-partners, d/b/a George F. Mayer & Sons, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Jan. 30, 1990.

Janice V. Quimby, Asst. Counsel, Philadelphia, for appellant.

Francis J. Curran, Jr., with him, Garland D. Cherry, Cherry, Ferrara, Mutzel, Belefonte, McFadden & Wesner, Media, for appellees.

Before CRAIG and SMITH, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge.

The Pennsylvania Department of Environmental Resources (DER) appeals an order of Judge Reed of the Court of Common Pleas of Delaware County which granted the request of George and Donald Mayer (Mayers) to return a twenty-five thousand dollar ($25,000) supersedeas bond which they posted with the trial court in 1974. We affirm.

According to the record, DER filed a complaint with the trial court in 1971 seeking to enjoin the Mayers' illegal operation of a landfill in Springfield Township, Delaware

County. The trial court granted DER's requested injunctive relief on September 16, 1971.

On May 24, 1974, the trial court held the Mayers in contempt of the 1971 order, and directed them to submit a final closure plan for the landfill.

The Mayers appealed to this court, posting a supersedeas bond with the trial court. On DER's motion, the trial court increased the bond to one hundred thousand dollars ($100,-000). However, the Mayers never complied with the increase order, and the trial court set aside the supersedeas and imposed restrictions on the transfer of the Mayers' landfill property on March 12, 1975. This court then affirmed the trial court's 1971 order. *See Mayer & Sons v. Department of Environmental Resources,* 18 Pa.Commonwealth Ct. 85, 334 A.2d 313 (1975).

The Mayers terminated their illegal landfill activities in March of 1975. The Mayers then filed a final closure plan with the trial court on July 25, 1975, which included the proposed installation of a leachate control system to eliminate groundwater pollution.

On October 31, 1975, the trial court, by stipulation and agreement of the parties, lifted the previous restrictions on the transfer of the property, but provided that "the bond in the amount of twenty five thousand dollars ($25,000) shall remain in full force and effect, pending final closure of the landfill site in accordance with a Final Closure Plan, approved by the Commonwealth."

However, DER never sought to enforce the final closure plan or to attempt forfeiture of the bond. During the period between 1975 and 1988, the Mayers sold the landfill property. A portion of the property now contains an office building, and the remainder has been excavated and improved in connection with Route 476.

In June of 1988, the Mayers petitioned the trial court to return the bond. The trial court issued a rule to show cause why the bond should not be returned. After a

hearing on October 24, 1988, the trial court ordered the bond to be returned to the Mayers. This appeal followed.

On appeal, DER contends that the trial court (1) abused its discretion by ruling that laches estopped the Commonwealth from having the bond declared forfeited, (2) erred in its interpretation of section 505(a) of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. § 6018.505(a) (Act), and (3) erred in declining to hear the DER's witnesses at the hearing.

Our scope of review from a trial court's decision in an equity proceeding is limited to determining whether substantial evidence supports the trial court's findings, whether the trial court committed any errors of law, or whether the trial court abused its discretion. *Personnel Department, City of Philadelphia v. Hilliard*, 120 Pa.Commonwealth Ct. 66, 548 A.2d 354 (1988).

### 1. Laches

■ DER first contends that the trial court abused its discretion by applying the doctrine of laches to estop the Commonwealth from having the bond forfeited.

■ Initially, we note that laches may be asserted against the Commonwealth. *Stahl v. First Pennsylvania Bank and Trust Company*, 411 Pa. 121, 191 A.2d 386 (1963). A party asserting laches must prove both an inordinate delay on the part of the opposing party, and prejudice induced by the delay. *Del–Val Electrical inspection Service, Inc. v. Stroudsburg–East Stroudsburg Zoning and Codes Office*, 100 Pa.Commonwealth Ct. 429, 515 A.2d 75 (1986). Laches will not be imputed where no injury or prejudice resulted to the party asserting laches. *Richland Township Planning Commission v. Bobiak*, 122 Pa.Commonwealth Ct. 624, 552 A.2d 1143 (1989).

The trial court, in its memorandum opinion, stated that:

The Commonwealth is estopped by laches from making the defendants forfeit the bond proceeds. The Commonwealth has taken no action to compel compliance with the

Court's closure Order for thirteen years, which is too long.

The Commonwealth ought always be vigilant in using and enforcing its police powers, here as they relate to this property. The Commonwealth should have well before now acted to either compel the construction of the leachate control system or moved to declare the bond forfeited.

Moreover, the Commonwealth failed to offer any reasonable excuse for this long delay.

The [Mayers] on the other hand showed that the Commonwealth took no action for over thirteen years. In the meanwhile the [Mayers] sold a portion of the landfill property which has now been developed into an office building. The remaining portion of the property has been taken by the Pennsylvania Department of Transportation for use in the construction of the "Blue Route" (Route # 476).

... The question of laches is factual, and is thus left to the sound discretion of the trial Judge: and after examining the record and circumstances here, we found that the Commonwealth had failed in its duty to monitor this property for compliance with the Closure Order of 1975. (Citations omitted.)

The record indicates that from 1975 to 1988, DER made no effort to enforce the final closure plan or to forfeit the bond. Also, DER failed to offer any reason for this delay.

■ Moreover, DER has not shown any injury or damage to the citizens of the Commonwealth, which was a condition of the bond. Forfeiture of a supersedeas bond is not to penalize a party for its inaction; rather, it is to maintain the status quo and protect the citizens from injury during the appeal period.

Furthermore, in selling the landfill property, the Mayers relied on the October 31, 1975 agreement to lift the transfer restrictions imposed on the property.

Therefore, because DER inordinately delayed this matter, and because this delay, coupled with the Mayers' reliance on

the agreement to lift the transfer restrictions, caused prejudice to the Mayers, we conclude that laches bars DER's efforts to forfeit the bond.

## 2. Interpretation of the Act

■ DER next contends that the trial court erred in its interpretation of section 505(a) of the Act, which states that:

Liability under such bond shall be for the duration of the operation, and for a period up to ten full years after final closure of the permit site.

Also, 25 Pa.Code § 271.314, regarding the duration of bond liability, states that:

The liability under a bond filed with the Department under this subchapter shall continue for the period of operations of the facility, until 10 years after final closure of the facility, unless released in whole or in part by the Department, in writing, prior thereto as provided by § 271.341 (relating to release of bonds.)

In its memorandum opinion, the trial court addressed the application of the Act as follows:

Our decision was based upon the fact that the Commonwealth did nothing to enforce the closure order for thirteen years. The statute upon which the Commonwealth now bases its authority to forfeit the funds is not applicable, for it sets a ten year limit.

... This statute also was enacted nearly five years after the closure order and applies to operations of landfills thereafter. Furthermore, the statute establishes that liability under the bond continues for a period of up to ten (10) full years after final closure.

The time period here is three years beyond that time limit set by the Act. Accordingly, even if the Act applied, the bond could only be enforced for ten years.

This court does not agree with the trial court's reliance upon the ten-year time limit in the law because that time period runs only from final closure, which the Mayers did not accomplish here.

However, we agree that the affirmative requirement in section 505(a) is not applicable. The legislature enacted section 505(a) of the Act in 1980, over six years after the trial court ordered the supersedeas bond in 1974. Because the trial court ordered this bond under the auspices of the former act,[1] which contained no bonding requirements, and because the present Act contains no retroactive language encompassing bonds issued under the former act[2], we conclude that the trial court did not err in determining that section 505(a) did not apply to this bond.

### 3. Witness Testimony

■ DER next contends that the trial court erred in declining to receive testimony or other evidence at the hearing.

According to the transcript of the testimony, the hearing began as follows:

MS. QUIMBY: Your honor, my name is Janice Quimby and I'm counsel with the Department of Environmental . . .

THE COURT: Can you spell that?

MS. QUIMBY: Quimby, Q-u-i-m-b-y. And with me today is Ruth Bidler who is prepared to testify on behalf of the Commonwealth if Your Honor wishes to hear testimony.

However, the record further indicates that, after counsel made their opening arguments, the trial court determined, without objection by counsel, that no evidentiary hearing would be needed because no factual issues existed. Thus, the trial court decided to resolve the matter by counsels' submission of memoranda of law.

1. *See* Sections 1–17 of the Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P.L. 788, *formerly* 35 P.S. §§ 6001–6017, repealed by Section 1001 of the Solid Waste Management Act, 35 P.S. § 6018.1001.

2. Moreover, we note that, in repealing the former act, the legislature stated that "all permits and orders issued, municipal solid waste management plans approved, and regulations promulgated under such [former] act shall remain in full force and effect unless and until modified, amended, suspended or revoked." Section 1001 of the Act, 35 P.S. § 6018.1001.

Because DER's counsel agreed to submit a memorandum and made no objection to the trial court's ultimate determination not to hear testimony, the issue was not preserved for appeal. Thus, we conclude that DER has waived the issue. Pa.R.A.P. 302(a); *See also McFarlane v. Hickman,* 342 Pa.Superior Ct. 240, 248, 492 A.2d 740, 745 (1985).

Accordingly, we affirm Judge Reed's decision.

## ORDER

NOW, January 30, 1990, the order of the Court of Common Pleas of Delaware County, No. 71–9168, dated December 2, 1988, is affirmed.