Joseph C. **PARKINSON** and Ruth Ann Parkinson, husband & wife, Appellees,

v.

Barry K. **LOWE,** David J. Whitney and Dawn R. Whitney, husband and wife, Frederick E. Leuschner, Executor of the Estate of Marguerite Ball Rankin, Also Known As Marguerite B. Howell, Frederick E. Leuschner, Executor of the Estate of Rosalind B. Leuschner, Christine Leuschner Henri, Bruce J. Philipson, Beth E. Philipson, and the Borough Of West Mifflin, a Municipal Corporation.

Appeal of Barry K. Lowe, David J. Whitney and Dawn R. Whitney, husband and wife.

Superior Court of Pennsylvania.

Submitted Aug. 7, 2000.
Filed Sept. 15, 2000.

BEFORE: CAVANAUGH, POPOVICH, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Barry Lowe, David Whitney, and Dawn Whitney appeal the trial court's January 7, 2000 order granting costs to appellees. We affirm in part and reverse in part.

¶ 2 This action arose from an action to quiet title. In 1968, appellees began using the vacant lot adjacent to their property. *See Parkinson v. Lowe*, No. 1819 Pittsburgh 1998, 742 A.2d 1160, unpublished memorandum at 2 (Pa.Super. filed July 8, 1999). They used it for a multitude of activities and put up various structures and a fence. *See id.* at 3. In 1993, appellees discovered that appellants were attempting to buy the disputed property. *See id.* at 4. They subsequently retained an attorney who learned that Edward Ball, who was deceased, had owned the property. *See id.* Their attorney then recorded a "Statement of Claim to Real Estate" on February 1, 1994. *Id.* On February 28, 1994, Mr. Ball's heirs gave a quitclaim deed to appellants, which they recorded on May 4, 1994. *See id.* Appellants filed an action to quiet title to the property on May 24, 1994. *See id.* After appellees prevailed at trial and on post-trial motions, appellants appealed to a panel of this Court. This Court affirmed. *See id.* at 10. Appellees then filed a Bill of Costs on July 12, 1999, requesting various appellate costs. Appellants filed objections, but on January 7, 2000, the trial court denied those objections and allowed costs in the amount of $2,038.23. *See* Trial Court Order, 1/7/00, at 1. This appeal followed.

¶ 3 Appellants raise one issue on appeal: "Did the trial court err when it granted plaintiffs['] request to tax costs, under the rule 2742; transcripts costs for testimony before the lower court, the cost of an injunction bond, supplemental reproduced record cost and depositions costs before trials?" Appellants' Brief and Record at 1.

¶ 4 Allowance of costs on appeal is within the trial court's discretion.[1] *See DeAngelis v. Newman*, 350 Pa.Super. 536, 504 A.2d 1279, 1286 (1986). Further, Rule 2741 provides that "[i]f an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered." Pa. R.A.P. 2741(2).

¶ 5 While their argument is undeveloped and unclear, appellants appear to claim that the trial judge erred in awarding the costs of the supplemental reproduced record, the injunction bond, and the transcripts of various depositions and notes of testimony to appellees. *See* Appellants' Brief and Record at 6.

¶ 6 First, the cost of the supplemental reproduced record is covered by Rule 2742, which provides that "[t]he cost of printing or otherwise producing necessary copies of briefs and reproduced records ... shall be taxable." Pa.R.A.P. 2742. The Commonwealth Court has previously stated that "[w]ith respect to the costs of producing the supplemental reproduced record ... we note [the appellee] ... will be entitled to such costs under Pa.R.A.P. 2741(2) and 2742." *McCluskey v. Washington Township*, 700 A.2d 573, 576 (Pa.Cmwlth.1997). While we are not bound by decisions of the Commonwealth Court, *see Commonwealth v. Wilson*, 744 A.2d 290, 292 n. 4 (Pa.Super.1999), we find its reasoning in this case persuasive. We see no reason to allow the winning party to recover the cost of producing a reproduced record but not the cost of producing a supplemental reproduced record. The trial judge thus did not err in awarding to appellees this cost.

¶ 7 Next, appellants dispute the trial court's award of the cost of the injunction bond. During the injunction hearing, the trial court stated:

Mr. Lowe [one of the appellants] is a businessman and has made a purchase

of property, has invested his money in this deed. Granted, it isn't a whole lot of money, but I will; in fact, increase the bond at [appellants' counsel's] request to $3,000 which, I believe is the purchase price of the quit claim deed....

* * *

The bond is increased to $3,000 and that is, in fact, a taxable cost. If the [appellees] prevail, that money is recoverable from the Defendant[s]. If the [appellees] don't prevail, that money is available as liquidated damages to the parties.

N.T. Injunction Hearing, 7/11/94, at 59–60. After appellees prevailed at trial, the trial court awarded them the cost of the injunction bond.

¶ 8 Rule 2771 reads:

Costs incurred in the preparation and transmission of the record, the costs of the notes of testimony or other transcript, if necessary to a determination of the appeal, [and] the premiums paid for cost of *supersedeas bonds or other bonds to preserve rights pending appeal* ... shall be taxed in the lower court as costs of the appeal in favor of the party entitled to costs under this chapter.

Pa.R.A.P. 2771 (emphasis added). Appellees argue that an injunction bond is comparable to a supersedeas bond and thus included under Rule 2771. They cite *Cadillac Real Estate Co. v. Roddy Realty, Inc.*, 41 D & C.2d 199 (Pa.Com.Pl.Luzerne Cty.1966) as persuasive authority. In that case, however, the rule was Pa.R.C.P. 1523. The rule at hand is one of appellate procedure. Further, we disagree that injunctive bonds are similar to supersedeas bonds.

¶ 9 The purpose of a supersedeas bond is to "maintain the status quo and protect [the winning party] from injury during the appeal period." *Common-*

---

1. We note that appellants did not state our standard of review as required by our rules of

procedure. *See* Pa.R.A.P. 2111(a)(2).

*wealth v. Mayer*, 131 Pa.Cmwlth. 64, 569 A.2d 415, 418 (1990). Such a bond protects an appellee because it "guarantee[s] that his judgment, if it is affirmed, will be paid in full, with interest and court costs." *Groner v. Groner*, 328 Pa.Super. 191, 476 A.2d 957, 960 (1984).

¶ 10 The purpose of an injunction bond, on the other hand, is "to protect appellants in the event that the preliminary injunction was improperly granted and damages were sustained thereby." *College Watercolor Group, Inc. v. William H. Newbauer, Inc.*, 468 Pa. 103, 360 A.2d 200, 207–08 (1976). Here, appellees posted an injunction bond before the trial to protect appellants in case the trial court had erroneously granted the injunction. Accordingly, the bond was not to protect appellees during the appeal process, but rather to protect appellants during the pretrial process. Consequently, an injunction bond does not fit under Rule 2771, and the trial court erred in allowing this as a cost. We therefore reverse the court's grant of costs for an injunction bond and remand so that it may recalculate the amount due to appellees.

¶ 11 Appellants next claim that the trial court erred in allowing appellees the costs for transcribing the notes of testimony and depositions. Again, Rule 2771 specifically allows appellees to receive "the costs of the notes of testimony or other transcript, *if necessary to a determination of the appeal.*" Pa.R.A.P. 2771 (emphasis added). Appellants do not point to any specific notes of testimony that were unnecessary to the appeal, and indeed, it appears that such testimony was necessary on direct appeal. The depositions, on the other hand, were not necessary on appeal but rather were necessary for appellees prior to trial. We have already determined in *Kojeszewski v. Brigantine Castle and Amusement Corp.*, 302 Pa.Super. 500, 449 A.2d 28, 31 (1982) that transcripts of videotaped depositions are not recoverable pursuant to Pa.R.C.P. 4017.1. We now extend that holding to Rule 2771 as well.

Where, as here, the deposition transcripts were unnecessary to the appeal, appellees must bear their own costs. After all, depositions are to aid the parties prior to trial.

¶ 12 While appellees claim that the rule in Pennsylvania is that they can recover deposition transcript costs where the depositions "were reasonably necessary to the preparation of trial are recoverable," Brief for Appellees at 8, they rely on *Raio v. American Airlines*, 102 F.R.D. 608, 611 (E.D.Pa.1984). The court in *Raio* was interpreting 28 U.S.C. § 1920 rather than Pa.R.A.P. 2771, and its reasoning is irrelevant to the case at hand. We hold that the trial court erred in awarding the cost of transcribing the depositions to appellees. Consequently, we reverse the court's order and remand in order that it may determine the actual amount appellants owe.

¶ 13 Order **affirmed** as to the notes of testimony and supplemental reproduced record, and **reversed** as to the depositions and injunction bond. Remanded for further action pursuant to this memorandum. Jurisdiction relinquished.