J-A32024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSAN SCHLISMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| URBAN SPACE DEVELOPMENT, INC. | |
| Appellant | No. 440 EDA 2016 |

Appeal from the Order December 28, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term 2013, No. 01852

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 13, 2017**

Appellant, Urban Space Development, Inc., appeals from the order entered December 28, 2015, granting in part and denying in part its motion to release escrow funds.  We affirm in part, reverse in part, and remand for further proceedings in accordance with this memorandum.

The parties were involved in a business dispute that led to arbitration proceedings through the American Arbitration Association.  *See* Petition to Vacate, 10/20/13, at ¶¶ 4-23.  On September 20, 2013, the arbitrator issued a decision in favor of Appellant and against Appellee Susan Schlisman in the amount of $124,556.01, representing the award for Appellant's breach of contract claim, interest, attorney's fees, and fees and expenses incurred.

_____

[*] Retired Senior Judge assigned to the Superior Court.

*See* Arbitrator's Award, 9/20/13, at 1. In October 2013, Appellee filed a petition to vacate or modify the arbitration award. The trial court denied her petition and, in January 2014, Appellant entered judgment against Appellee in the amount of $124,556.01. Appellee appealed to this Court and deposited as security $149,467.21, or 120% of the judgment, with the Philadelphia prothonotary's office. This Court affirmed the denial of her petition to vacate. *See Susan Schlisman v. Urban Space Development, Inc.*, 113 A.3d 350 (Pa. Super. 2014) (unpublished memorandum).

The record was remitted to the trial court on September 1, 2015. On September 16, 2015, Appellant filed a motion to release escrow funds. Appellee filed an answer in opposition. The court dismissed the motion without prejudice so Appellant could re-file with a final accounting of the total sums to which it was entitled. Appellant refiled its motion, requesting the amount of judgment and an additional $78,819.72 in interest, attorneys' fees, and costs for all post-arbitration fees. *See* Motion to Release Escrow Funds, 11/13/15, at 1.

On December 28, 2015, the court granted the request for release of funds to Appellant "in the amount of the judgment on the docket," or $124,556.01. The court denied Appellant's request for attorney's fees, interest, and costs, and ordered that the excess on deposit be returned to Appellee. Appellant filed a motion for reconsideration, which the court denied.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following questions for our review:

1. Did the trial court err by failing to award [Appellant] interest on the arbitration award?

2. Did the trial court err by failing to award [Appellant] attorneys' fees?

3. Did the trial court err by denying the January 14, 2016 motion for reconsideration as untimely when it was filed just seventeen days after the December 28, 2015 order for which reconsideration was sought?

Appellant's Brief at 4.

The instant matter involves an order determining the release of escrow funds deposited as a supersedeas bond. The purpose of a supersedeas bond is to "maintain the status quo and protect [the winning party] from injury during the appeal period." *Parkinson v. Lowe*, 760 A.2d 65, 67 (Pa. Super. 2000). Such a bond guarantees that an appellee's judgment, if affirmed, will be paid in full with interest and court costs. *Id.* Pennsylvania Rule of Appellate Procedure 1731 provides, in relevant part:

[A]n appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid.

Pa.R.A.P. 1731(a). Further, the Rules of Appellate procedure establish

- 3 -

the proper form for an appeal bond and require[] that a bond should provide that appellant will be liable for costs, interest and damages for delay that may be awarded. A court may enter judgment in the amount of an appeal bond if appellant is not successful on appeal.

***Burrell Const. & Supply Co. v. Straub***, 656 A.2d 529, 533 (Pa. Super. 1995) (internal citation omitted). Upon return of the record by the appellate court to the lower court,

in a matter where the order appealed from was affirmed in whole or in part, the clerk of the lower court shall thereupon enter an order, as of the date of receipt of the remanded record, against the appellant for the amount due upon the order as affirmed, with interest and costs as provided by law.

Pa.R.A.P. 1735.

First, Appellant claims that the trial court erred in failing to award interest on the arbitration award. ***See*** Appellant's Brief at 15. Appellant contends that it is entitled to interest both by the arbitration award itself, which is now the law of the case, and pursuant to statute. ***Id.*** at 18-19.

On an arbitration award, post-judgment interest begins to run from the date of the award. ***Perel v. Liberty Mutual Ins. Co.***, 839 A.2d 426 (Pa. Super. 2003); ***see also*** 42 Pa.C.S. § 8101 ("Except as otherwise provided by another statute, a judgment . . . shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment . . . ."). This post-judgment interest is a matter of right where damages are ascertainable by computation; while the statutory rate of interest is fixed at 6%, the parties may agree to a higher rate. ***See Pittsburgh Const. Co. v. Griffith***, 834 A.2d 572, 590–91 (Pa. Super. 2003); 41 P.S. § 202. An

- 4 -

unsuccessful appeal taken by a losing party does not suspend the accrual of interest. ***Printed Terry Finishing Co. v. City of Lebanon***, 399 A.2d 732, 734 196 (Pa. Super. 1979); ***see also Scott v. Erie Ins. Grp.***, 706 A.2d 357, 359–60 (Pa. Super. 1998) (awarding judgment interest from the date of the arbitrators' award, despite unsuccessful appeal).

In the instant case, the arbitrators' award, and the judgment entered in the lower court, was a total amount of $124,556.01. This constituted $31,288.59 on the breach of contract claim itself, $29,695.78 in interest, and $54,665.00 in attorneys' fees. ***See*** Arbitrator's Award, 9/20/13, at 1. This award was affirmed on appeal. However, the trial court's order released solely this amount to Appellant from the supersedeas posted by Appellee. In its opinion, the trial court concluded that because Appellant had never submitted a formal request to mold or reassess the judgment, the court was not required to release funds in excess of the amounts entered on the docket. We disagree.

As noted, *supra*, it is well-settled that post-judgment interest begins to run from the date of the arbitrators' award, despite the filing of an appeal. Indeed, the entire purpose of the filing of a supersedeas bond is so an appellee may recover interest and costs provided by law. ***See*** Pa.R.A.P. 1735; ***see Pittsburgh Const. Co.***, 834 A.2d 572 at 591 (noting that post-judgment interest is a matter of right). Appellant requested access to that interest in its motion to release escrow funds. Accordingly, the trial court erred in denying Appellant's request for post-judgment interest.

Second, Appellant claims that the trial court erred in failing to award attorney's fees. Appellant argues that it is entitled to attorney's fees on public policy grounds as well as because it is the well-settled law of the case. *Id.* at 17-18. Specifically, Appellant claims that because the arbitration award included attorney's fees, it is thus entitled to further fees. *Id.*

As Appellant has not developed its argument or cited to relevant authority to support its contention that it is entitled to further attorneys' fees, we accordingly find its arguments waived for purposes of appeal.[1] **See** Pa.R.A.P. 2119(a)-(c); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Finally, Appellant claims that the trial court erred in denying its motion for reconsideration as untimely. However, Pennsylvania law is clear that the refusal of a trial court to reconsider a final decree is not reviewable on

---

[1] Even if we did not find this claim waived, Appellant's contention is meritless. As a general rule, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception. **See Trizechahn Gateway LLC v. Titus**, 976 A.2d 474, 482-83 (Pa. 2009) (internal citation omitted). Appellant recovered the original amount of attorneys' fees included in the arbitration award, or $54,665.00, from the principal escrow amount. The award was affirmed on appeal. **See Schlisman**, 113 A.3d at 350. However, Appellant has pointed to neither law nor evidence of record to show that it is entitled to additional attorneys' fees.

appeal. ***See***, ***e.g.***, ***Cheathem v. Temple Univ. Hosp.***, 743 A.2d 518, 521 (Pa. Super. 1999) (explaining that an order denying a motion for reconsideration is not reviewable on appeal). Accordingly, we decline to address this issue on its merits.

Affirmed in part; reversed in part; remanded to determine the amount of post-judgment interest to which Appellant is entitled; jurisdiction relinquished.

Judge Dubow joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017