J-A07040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARL TOLINO, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHALOMIT BELLO AND NIR BELLO | : | |
| | : | |
| Appellants | : | No. 2152 EDA 2021 |

Appeal from the Order Entered October 1, 2021
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 02287-CV-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED AUGUST 1, 2022**

Appellants, Shalomit Bello and Nir Bello, appeal from the order entered in the Monroe County Court of Common Pleas, which granted the petition of Appellee, Carl Tolino, Jr. for a preliminary injunction. We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Appellants own property that abuts property owned by Appellee. The properties are located along Marshalls Creek. To access the main road from their properties, the parties utilize a shared road that crosses a bridge over Marshalls Creek. On May 6, 2021, Appellee filed a complaint alleging that Appellants were blocking access to his property by obstructing the path to the shared road over which Appellee's property held an easement. Appellee sought declaratory relief confirming his right of access and damages for

trespass and tortious interference with contractual relations.

On June 28, 2021, Appellee filed a petition for injunctive relief to enjoin Appellants from blocking access to the shared road to Appellee's property. Following a hearing, the court issued a preliminary injunction on September 22, 2021, which prohibited Appellants from blocking access to or interfering with Appellee's use of the driveway/easement to his property. On September 29, 2021, Appellants filed a motion for reconsideration, which the court denied on September 30, 2021. Appellants timely filed a notice of appeal on October 13, 2021. On the same day, the court ordered Appellants to file a Pa.R.A.P. 1925(b) concise statement; Appellants timely complied on November 1, 2021.

As a preliminary matter, we observe that Rule 1531 of the Pennsylvania Rules of Civil Procedure states, in relevant part:

**Rule 1531.  Special Relief.  Injunctions**

* * *

(b) Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if

(1)  the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees, or

(2)  the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court

to be held by the prothonotary upon the same condition as provided for the injunction bond.

Pa.R.C.P. 1531(b). "The bond requirement is **mandatory** and an appellate court **must invalidate** a preliminary injunction if a bond is not filed by the plaintiff. Even if the trial court's order was otherwise proper, its failure to require the posting of a bond mandates our reversal of its decision." **Walter v. Stacy**, 837 A.2d 1205, 1208 (Pa.Super. 2003) (internal quotation and citations omitted) (emphasis in original). "The purpose of an injunction bond…is to protect [the party] in the event that the preliminary injunction was improperly granted and damages were sustained thereby." **Parkinson v. Lowe**, 760 A.2d 65, 68 (Pa.Super. 2000).

Instantly, the record confirms that the trial court did not require Appellee to post an injunction bond. "We note, however, that although the court's failure in this regard renders the injunction null, the error may be cured by the re-issuance of the preliminary injunction if the order includes the requirement of a bond." **Id.** "Rule 1531(b) authorizes the trial court to set bond in an amount it deems proper under the circumstances." **Id.** Thus, we are constrained to vacate the trial court's order due to its failure to require a bond and remand the matter to the trial court for imposition of a bond in an amount it deems appropriate. **See** Pa.R.C.P. 1531(b); **Walter, supra**. **See also Cole v. Zwergel**, No. 689 WDA 2021 (Pa.Super. Feb. 11, 2022) (unpublished memorandum) (vacating preliminary injunction based on court's failure to require bond and remanding for court to resolve preliminary

injunction request in full compliance with Rule 1531).[1]

      Order vacated.  Case remanded for further proceedings.  Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2022

---

[1] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).